Daniel M. Cislo, Esq., No. 125,378  
Dennis Larson, Esq, No. 48,983  
CISLO & THOMAS LLP  
233 Wilshire Boulevard, Suite 900  
Santa Monica, California 90401  
Telephone: (310) 451-0647  
Facsimile:  (310) 394-4477  
Email:       dan@cislo.com  
             dlarson@cislo.com  

Attorneys for Plaintiff,  
Homeland Housewares, LLC  

ENTER   JS6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC., a California corporation, | Case No. CV 07-05202 R (PJWx) |
| Plaintiff, | **[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT PERRY JOO, INDIVIDUALLY AND DOING BUSINESS AS I B HOME MART** |
| vs. | |
| I B HOME MART, an entity of unknown status, PERRY JOO, individually and doing business as I B HOME MART, and DOES 1 through 9, inclusive, | |
| Defendants. | |

This Consent Judgment and Permanent Injunction is made pursuant to the parties' November 15, 2007 confidential Settlement Agreement and Stipulation with reference to the following facts:

A.      Plaintiff HOMELAND HOUSEWARES, LLC ("HOMELAND") in this action alleges patent, trademark and trade dress infringement, false designation of origin in violation of the Lanham Act, Copyright infringement and California state trademark infringement and unfair competition, and tortious interference with economic relationships against Defendants (i) I B HOME MART, an entity of unknown status and (ii) PERRY JOO, individually and doing business as I B HOME MART (referred to herein at times as "PERRY JOO, individually and doing business as I B HOME MART") and seeks injunctive relief against PERRY JOO, individually and doing business as I B HOME MART's continued alleged unfair business practices and infringing use of HOMELAND's patents, copyright and MAGIC BULLET® trademarks and reimbursement of its attorney fees and costs.

B.      HOMELAND uses the trademark MAGIC BULLET® in connection with the sale of its highly successful MAGIC BULLET® blender products.

C.      HOMELAND has acquired and uses federal Trademark Registrations and filings for MAGIC BULLET (stylized design mark, U.S. Registration No. 2,947,494); MAGIC BULLET (word mark, U.S. Registration No. 2,947,492); DOES ANY JOB IN 10 SECONDS OR LESS (word mark, U.S. Registration No. 3,166,838); THE MAGIC BULLET (word mark in stylized form, U.S. Registration No. 2,929,383); MAGIC BULLET EXPRESS (word mark in stylized form, U.S. Registration No. 3,043,909); BULLET BLENDER (word mark, U.S. Registration No. 2,947,491); BULLET JUICER (word mark, U.S. Registration No. 2,947,493) and two design marks (Registration No. 3,300,425 and U.S. Serial No. 76/641,734) as applied to kitchen appliances, namely

food processors in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use.

D.  HOMELAND has acquired and uses federal Copyright Registrations and filings for The Magic Bullet 10 Seconds Recipes and User Guide, Registration No. TX 5-947-688 and Magic Bullet Retail Box, Registration No. VA 1-360-760.

E.  HOMELAND has acquired and uses federal Design Patent Registrations and filings for Mug, U.S. Des. Patent D500,633, Mugs U.S. Des. Patent D501,759, Mug U.S. Des. Patent D517,862, Mug U.S. Des. Patent D519,321, Mug U.S. Des. Patent D521,802, Blender and Mug Set U.S. Des. Patent D536,216 and Mug U.S. Des. Patent D532,255.

F.  PERRY JOO, individually and doing business as I B HOME MART advertised and/or sold blender products under the MAGIC PRO BULLET® name, including to consumers through his I B HOME MART store.

G.  PERRY JOO, individually and doing business as I B HOME MART deny any wrongdoing but in order to resolve this dispute agree to the terms herein; and

H.  Plaintiff HOMELAND and PERRY JOO, individually and doing business as I B HOME MART have agreed to have the following Consent Judgment and Permanent Injunction, subject to this Court's approval.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

3

1. This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

A Permanent Injunction shall be entered as follows:

2. Defendants PERRY JOO, individually and doing business as I B HOME MART and their predecessors, successors and assigns and past and present and future agents, directors, employees, officers, attorneys, representatives and all other persons acting in concert or in participation with PERRY JOO, individually and doing business as I B HOME MART, shall not use in commerce any unauthorized reproduction, counterfeit, copy, or colorable imitation of the trademarks MAGIC BULLET (stylized design mark, U.S. Registration No. 2,947,494); MAGIC BULLET (word mark, U.S. Registration No. 2,947,492); DOES ANY JOB IN 10 SECONDS OR LESS (word mark, U.S. Registration No. 3,166,838); THE MAGIC BULLET (word mark in stylized form, U.S. Registration No. 2,929,383); MAGIC BULLET EXPRESS (word mark in stylized form, U.S. Registration No. 3,043,909); BULLET BLENDER (word mark, U.S. Registration No. 2,947,491); BULLET JUICER (word mark, U.S. Registration No. 2,947,493) and two design marks (Registration No. 3,300,425 and U.S. Serial No. 76/641,734) as applied to kitchen appliances, namely food processors in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or reproduce, counterfeit, copy, or colorably imitate the foregoing marks as applied to kitchen appliances, namely food processors and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in

connection with which such use is likely to cause confusion, or to cause mistake or to deceive. Defendants PERRY JOO, individually and doing business as I B HOME MART and any related parties shall also not use any of the foregoing trademarks as meta tags on any website; nor shall Defendants PERRY JOO, individually and doing business as I B HOME MART and any related parties purchase these words as search terms on the Internet.

3.  Defendants PERRY JOO, individually and doing business as I B HOME MART and any related parties shall not use on or in connection with any goods or services, or any container for goods, in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact relating to MAGIC BULLET, THE MAGIC BULLET, MAGIC BULLET EXPRESS, BULLET BLENDER, BULLET JUICER, and DOES ANY JOB IN 10 SECONDS OR LESS or the trade dress as shown in Exhibit 1 incorporated herein, which:

   (a)  is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants PERRY JOO, individually and doing business as I B HOME MART and related parties with HOMELAND, or as to the origin, sponsorship, or approval of Defendants PERRY JOO, individually and doing business as I B HOME MART and related parties' goods, services, or commercial activities by HOMELAND, or

///

   (b)  in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of Defendants PERRY

5

JOO, individually and doing business as I B HOME MART and related parties with HOMELAND's goods, services, or commercial activities.

4. Defendants PERRY JOO, individually and doing business as I B HOME MART and related parties shall not

(a) reproduce The Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box in copies;

(b) prepare derivative works based upon The Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box;

(c) distribute copies of the Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box to the public by sale or other transfer of ownership, or by rental, lease, or lending, or

(d) display The Magic Bullet 10 Second Recipes and User Guide or Magic Bullet Retail Box publicly.

5. Defendants PERRY JOO individually and doing business as I B HOME and related parties shall not make, use, offer to sell, or sell any goods, without authority from HOMELAND, having the claimed design of U.S. Des. Patent D500,633, U.S. Des. Patent D501,759, U.S. Des. Patent D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802 or to offer to sell or sell within the United States or import into the United States any goods having the claimed design of U.S. Des. Patent D500,633, U.S. Des. Patent D501,759, U.S. Des. Patent D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802 during the term of the patent therefore, or to actively induce infringement of U.S. Des. Patent D500,633, U.S. Des. Patent D501,759, U.S. Des. Patent

D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802 or to offer to sell or sell within the United States or import into the United States a component of a mug or mugs claimed in U.S. Des. Patent D500,633, U.S. Des. Patent D501759, U.S. Des. Patent D517,862, U.S. Des. Patent D519,321 or U.S. Des. Patent D521,802, which constitutes a material part of the claimed invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

6. Upon the Court's determination that Defendants PERRY JOO, individually and doing business as I B HOME MART and any related parties have after November 15, 2007, shipped, distributed, sold, or manufactured any product or item in violation of the foregoing prohibitions, Defendants PERRY JOO, individually and doing business as I B HOME MART and any related responsible parties shall pay HOMELAND One Thousand Dollars ($1,000.00) in liquidated damages for each involved individual blender unit. The Court finds that the parties have agreed that said liquidated damages is a reasonable estimate of the attorney fees incurred and monetary damages which would likely accrue to HOMELAND. In the event a particular violation of this Consent Judgment does not involve a blender unit, HOMELAND shall be entitled to all provable damages, including attorney fees as provided by paragraph 7.

7. In the event either HOMELAND or Defendants PERRY JOO, individually and doing business as I B HOME MART or any related parties are required to make application to this Court to enforce the terms of this Consent Judgment or the parties' confidential Settlement Agreement, such prevailing party shall be entitled to recover from the non-prevailing other party (or parties), all reasonable attorney fees and expenses related to such enforcement, except HOMELAND shall not be entitled to recover reasonable attorney fees and expenses in the case where HOMELAND seeks to

enforce the liquidated damages provision (paragraph 6 above) involving the shipment, distribution, sale or manufacturer of any blender unit.

8. This Court shall retain subject matter and personal jurisdiction over the parties for the interpretation and enforcement for all purposes of the parties' said confidential Settlement Agreement and this Consent Judgment and Permanent Injunction.

DATED: January 2, 2008  _____
United States District Court Judge